# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH M. MABERY, | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Civ. No. 13-CV-868-W-DGK |
| | ) | Crim. No. 10-CR-121-W-DGK-1 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT JUDGMENT

This case arises out of Movant Joseph M. Mabery's ("Mabery") conviction for possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). Pending before the Court is Movant's "Motion to Vacate, Set Aside or Correct Sentence" (Doc. 1).

Mabery requests that this Court reduce or vacate his sentence because of a recent Supreme Court case. He also seeks discovery from the Government to bolster his claims. For the reasons that follow, Mabery's motion is DENIED.

### Factual Background and Procedural History[1]

On April 14, 2010, officers of the Kansas City, Missouri Police Department observed a vehicle occupied and parked behind a known drug house. The officers attempted to conduct a car check. After the officers approached the car, the driver, later identified as Movant Joseph M. Mabery, opened the driver's door and fled the scene on foot. As Mabery fled, he was observed dropping an item that landed on the ground, which was later determined to be a bag of marijuana. After a brief foot chase, Mabery was apprehended. Mabery was checked for weapons and found to have a Davis Industries P32 semiautomatic pistol with a defaced serial

---

[1] This factual background and procedural history is largely taken verbatim from Respondent's brief (Doc. 8).

number in his right front pocket. The firearm contained six rounds of .32 caliber ammunition. He was also found to have suspected crystal methamphetamine and a digital scale with residue.

On June 10, 2010, the suspected controlled substances were submitted to the Kansas City, Missouri, Crime Laboratory for testing. Testing confirmed the bags contained 109.95 grams of marijuana and 1.05 grams of methamphetamine.

On May 4, 2010, a federal grand jury returned a one-count indictment against Mabery charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Mabery proceeded to trial and a jury returned a verdict of guilty against him. The United States Probation and Parole Office completed a presentence investigation report ("PSR"), which calculated a Guidelines offense level of 34 and a criminal history category of VI under U.S.S.G. § 4B1.4(b)(3)(A). The resulting Guidelines range was calculated at 262 to 327 months. Mabery objected to the PSR's finding and calculations, asserting that the evidence was insufficient to show that his possession of the firearm was in connection with a controlled substance offense. The district court overruled his objection. On November 8, 2011, this Court sentenced Mabery to 327 months in prison followed by five years of supervised release.

Mabery appealed his conviction on the grounds that: (1) evidence of the firearm should have been suppressed; (2) the evidence was insufficient to sustain this conviction; and (3) his sentence was excessive. The Court of Appeals denied relief on all grounds on July 26, 2012. *United States v. Mabery*, 686 F.3d 591 (8th Cir. 2012).

On August 30, 2013, Mabery timely filed the instant motion challenging his sentence and conviction under 28 U.S.C. § 2255 (Doc. 1).

**Standard of Review**

In a proceeding brought under 28 U.S.C. § 2255, the district court may "vacate, set aside or correct [a] sentence" that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). The movant is entitled to a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." *Id.* § 2255(b).

A Section 2255 motion "is not a substitute for a direct appeal, and is not the proper way to complain about simple trial errors." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (internal citations omitted). Moreover, where a movant does not bring a claim on direct appeal, he is barred from raising the claim in a Section 2255 proceeding unless he can establish cause for the procedural default and actual prejudice or that he is actually innocent. *United States v. Bousley*, 523 U.S. 614, 622 (1998).

**Discussion**

Mabery advances several arguments as to why the Court should modify or vacate his sentence. Many of his arguments could have been brought on direct appeal, such as the argument that the Kansas Constitution prohibits the federal government from using a Kansas state conviction as a predicate offense under 18 U.S.C. § 924(e)(1). Therefore, these claims are procedurally defaulted. Because Mabery does not explain why he did not bring these arguments or demonstrate actual innocence, the Court rejects these arguments out of hand. *See Bousley*, 523 U.S. at 622.

Beyond his procedurally defaulted claims, Mabery argues the Court should grant his motion because a variety of constitutional errors: (1) the Court impermissibly increased his sentence without jury fact-finding; (2) the Court incorrectly calculated his Guidelines score; and

(3) his counsel was constitutionally ineffective. Mabery further seeks discovery to develop his claims. Because his Section 2255 arguments lack merit and because he provides no legal basis for discovery, the Court denies Mabery's motion.

**I.** *Alleyne v. United States* **is not retroactive on collateral review.**

Mabery first takes issue with his classification as an "armed career criminal" under 18 U.S.C. § 924(e), which garnered him a longer sentence. Mabery argues that this enhancement violates the Sixth Amendment as interpreted by the United States Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). Essentially, *Alleyne* prohibits district courts from increasing the mandatory minimum sentence based on facts not found by the jury. *Alleyne*, 133 S. Ct. at 2155. The sentencing range statute applicable to felon-in-possession convictions increases the mandatory minimum sentence if the Court finds that the defendant has three previous convictions involving violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1).

Here, the Court used Section 924(e)(1) to increase Mabery's mandatory minimum sentence, which Mabery argues is a violation of *Alleyne*. However, the holding in *Alleyne* is inapplicable to Mabery's collateral attack on his sentence. New constitutional rules generally do not apply retroactively to cases on collateral review, like this one. *See Tyler v. Cain*, 533 U.S. 656, 662–63 (2001). The Supreme Court has not stated that the *Alleyne* holding applies retroactively to cases on collateral review. Because *Alleyne* was released in 2013, after Mabery's direct appeal became final in 2012, it does not apply to Mabery's case now.

Further, *Alleyne* was based on rules first enunciated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Alleyne*, 133 S. Ct. at 2157–63. The Supreme Court has explicitly held that other rules based on *Apprendi* do not apply retroactively on collateral review, which strongly implies

that the *Alleyne* rules should not be applied retroactively either. *See, e.g.*, *Schriro v. Summerlin*, 542 U.S. 348, 358 (2004). Thus, because the Supreme Court was silent on any retroactive application of *Alleyne*, its decision does not apply to Mabery's Section 2255 motion. *See Ervin v. United States*, No. 13-CV-5103-DGK, 2014 WL 856526, at *5 (W.D. Mo. Mar. 5, 2014); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (Easterbrook, J.); *cf. United States v. Lara-Ruiz*, 721 F.3d 554, 558 (8th Cir. 2013) (retroactively applying *Alleyne* to cases pending on *direct review* at the time the opinion was released).

The Court thus declines to vacate Mabery's sentence by applying *Alleyne* to the sentence enhancement statute, 18 U.S.C. § 924(e)(1).

## II. The Court's Guidelines calculations did not offend *Alleyne*.

Mabery's second argument for modifying his sentence is that the Court determined his Guidelines numbers based on facts that were not submitted to the jury, a violation of *Alleyne*. Specifically, Mabery argues that the Court impermissibly found by a mere preponderance of the evidence that his firearm had an altered or obliterated serial number, and that he had a felony drug conviction. These enhancements were not submitted to the jury.

Because of the procedural default rule, the Court reiterates that it confines its analysis here to Mabery's *Alleyne* objection. However, this challenge fails for two reasons. First, as explained above, *Alleyne* does not apply retroactively. Second, even if it did, *Alleyne* did not concern the Guidelines and did not require that all sentencing factors affecting the Guidelines be submitted to a jury. Rather, the Guidelines are advisory, so these factors do not have to be submitted to a jury. *United States v. Booker*, 542 U.S. 220 (2005). The Court declines to modify Mabery's sentence on this ground.

### III. Mabery's counsel was not constitutionally ineffective.

Mabery's third claim is that he received ineffective assistance of trial counsel, a violation of the Sixth Amendment. He contends his attorney erred in failing to raise the above *Alleyne* arguments and in refusing to grant Mabery's repeated requests for reports and exhibits in connection with his case.

To succeed on a claim of ineffective assistance of counsel, a movant must show that "(1) trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) trial counsel's deficient performance prejudiced the defense." *Armstrong v. Kemna*, 534 F.3d 857, 863 (8th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687–94 (1984)). Failure to satisfy either prong is fatal to the claim. *See Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997).

Judicial review of trial counsel's performance is highly deferential, "indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Middleton v. Roper*, 455 F.3d 838, 846 (8th Cir. 2006). Trial counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. Strategic choices made in the shadow of a lack of preparation or investigation, however, are not protected by the same presumption. *Armstrong*, 534 F.3d at 864.

In the present case, Mabery has failed to demonstrate that his attorney's representation was deficient. First, the United States Supreme Court did not decide *Alleyne* until six months after Movant's sentencing. Accordingly, trial counsel cannot be deficient for failing to raise an *Alleyne* challenge before the case was even decided. Mabery emphasizes that while his direct appeal was pending, the defendant in *Alleyne* had petitioned the Supreme Court for a writ of

certiorari to the Fourth Circuit. *See* Petition for Writ of Certiorari, *Alleyne v. United States*, No. 11-9335, 2012 WL 4750325 (U.S. Mar. 14, 2012). Considering that the Supreme Court receives approximately 10,000 petitions for a writ of certiorari every year,[2] the Court finds Mabery's counsel was not deficient in failing to invoke *Alleyne* before the Eighth Circuit. His attorney's ignorance of the *Alleyne* writ does not remotely evince "a lack of preparation or investigation." *Armstrong*, 534 F.3d at 864.

Second, Mabery argues that his attorney should have sought records relating to his previous convictions, and should have forced the Government to prove to the jury that he was indeed convicted of those offenses. However, the Government does not need to prove the fact of a prior conviction to the jury. *Almendarez-Torres v. United States*, 523 U.S. 224 (1998); *see also Alleyne*, 133 S. Ct. at 2160 n.1 (keeping intact the holding of *Almendarez-Torres*). Because this is established law, the Court cannot say that Mabery's attorney's conduct fell "below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney." *Armstrong*, 534 F.3d at 863.

And because Mabery's attorney did not exhibit deficient conduct, the Court cannot find any prejudice to Mabery. Therefore, Mabery's ineffective-assistance-of-counsel claim lacks merit.

## IV.    No evidentiary hearing is required.

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States,* 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, 'where the claim is inadequate on its face or if the

---

[2] *Frequently Asked Questions (FAQ)*, Supreme Court of the United States, http://www.supremecourt.gov/faq.aspx (last visited July 25, 2014).

record affirmatively refutes the factual assertions upon which it is based.'" *Id.* (quoting *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007)); *see also Sanders v. United States,* 347 F.3d 720, 721 (8th Cir. 2003) (holding a Section 2255 motion may be dismissed without a hearing if the petitioner's allegations, accepted as true, would not entitle him to relief).

As discussed above, Mabery's claims, accepted as true, do not entitle him to relief. Consequently, no evidentiary hearing is required or will be held.

### V. No certificate of appealability shall issue.

Because the Court will enter a final order adverse to Mabery, it must grant or deny a certificate of appealability. *See* Rule 11(a), Rules Governing Section 2255 Proceedings. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claims "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004). Because no reasonable jurist would grant this motion, the Court denies a certificate of appealability. *See* 28 U.S.C. § 2255.

### VI. The Court denies Mabery's motion for production of evidence.

In his reply brief, Mabery also appears to move the Court to order the Government to turn over certain discovery: records related to his agreement to stipulate to the interstate commerce nexus of his felon-in-possession charge; records that "purported to show that [his] Civil Rights were not restored by the state of Kansas;" and records tending to show how "he could be prosecuted and sentenced as an Armed Career Criminal" (Doc. 25, at 14–16). Mabery requests these documents to show his actual innocence and to show his counsel was ineffective in not requesting these allegedly probative documents.

The district court may authorize a party to conduct discovery in a Section 2255 proceeding if two conditions are met. First, the movant must demonstrate good cause. Rule 6(a), Rules Governing Section 2255 Proceedings. Good cause requires a showing "that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to [] relief." *Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009) (internal ellipses omitted) (establishing this standard for the identically-worded rule governing Section 2254 proceedings). Here, Mabery does not demonstrate how these documents, if obtained, would show that he would qualify for Section 2255 relief. Mabery does not explain what flaw he sees in his stipulation to the interstate commerce nexus of his firearm possession or how he expects that this information, once provided, would entitle him to relief. The latter two sets of evidence relate to claims that are not legally viable, as discussed above. The Court finds there is no good cause to authorize discovery.

Second, the movant must provide reasons for the request and specify any requested documents. Rule 6(b), Rules Governing Section 2255 Proceedings. While Mabery seeks this information to show his innocence and to bolster his ineffective-assistance-of-counsel claim, he does not identify any documents with specificity. The Court finds that Mabery has not submitted a properly specific request for discovery.

Accordingly, the Court denies Mabery's request for discovery.

## Conclusion

For the reasons discussed above, the motion (Doc. 1) is DENIED.

**IT IS SO ORDERED.**

Date: August 11, 2014      /s/ Greg Kays
                           GREG KAYS, CHIEF JUDGE
                           UNITED STATES DISTRICT COURT